UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CHRISTOPHER D. BISHOP,<br><br>                    Plaintiff,<br><br>     v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration,<br><br>                    Defendant. | NO:  12-CV-0591-TOR<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |

   BEFORE THE COURT are the parties' cross motions for summary judgment (ECF Nos. 15, 19).  Plaintiff is represented by Maureen J. Rosette.  Defendant is represented by Daphne Banay.  The Court has reviewed the administrative record and the parties' completed briefing and is fully informed.  For the reasons discussed below, the Court grants Defendant's motion and denies Plaintiff's motion.

///

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 1

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. §§ 405(g); 1383(c)(3).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g). The scope of review under §405(g) is limited: the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012) (citing 42 U.S.C. § 405(g)). "Substantial evidence" means relevant evidence that "a reasonable mind might accept as adequate to support a conclusion." *Id.*, at 1159 (quotation and citation omitted). Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and citation omitted). In determining whether this standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner. If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Further, a district

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 2

court "may not reverse an ALJ's decision on account of an error that is harmless." *Id.* at 1111. An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115 (quotation and citation omitted). The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP SEQUENTIAL EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act. First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 416.920(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is engaged in

"substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 416.920(b).

If the claimant is not engaged in substantial gainful activities, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 416.920(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to several impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits. 20 C.F.R. § 416.920(d).

If the severity of the claimant's impairment does meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity." Residual functional capacity ("RFC"), defined generally as the claimant's ability to perform physical and mental work

activities on a sustained basis despite his or her limitations (20 C.F.R. § 416.945(a)(1)), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past ("past relevant work").  20 C.F.R. § 416.920(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 416.920(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education and work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 416.920(g)(1).  If the claimant is not capable of adjusting to other work, the analysis concludes with a finding that the claimant is disabled and is therefore entitled to benefits.  *Id.*

The claimant bears the burden of proof at steps one through four above.  *Lockwood v. Comm'r of Soc. Sec. Admin.*, 616 F.3d 1068, 1071 (9th Cir. 2010).  If the analysis proceeds to step five, the burden shifts to the Commissioner to

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 5

establish that (1) the claimant is capable of performing other work; and (2) such work "exists in significant numbers in the national economy." 20 C.F.R. § 416.960(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

Plaintiff applied for supplemental security income (SSI) benefits on March 30, 2010, alleging an onset date of April 10, 2005. Tr. 42, 122. His claims were denied initially and on reconsideration. Tr. 75-82, 84-85. Plaintiff appeared at a hearing before an administrative law judge on July 14, 2011. Tr. 38-60. The ALJ issued a decision on August 12, 2011, finding that Plaintiff was not disabled under the Act. Tr. 20-30.

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since March 30, 2010, the application date. Tr. 23. At step two, the ALJ found that Plaintiff had severe impairments, but at step three the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the listing of impairment. Tr. 23-24. The ALJ determined Plaintiff had the RFC to:

> perform a full range of work at all exertional levels but with the following nonexertional limitations: he is capable of simple, routine, repetitive tasks and complex tasks. He would work best away from demands of the general public and can have superficial interactions with coworkers and supervisors, specifically he cannot perform collaborative work.

Tr. 24.  At step four, the ALJ found that Plaintiff was unable to perform any of his past relevant work.  Tr. 29.  At step five the ALJ found Plaintiff could perform other work existing in significant numbers in the national economy in representative occupations such as a industrial cleaner, automobile detailer and laundry worker.  Tr. 30.  Since the ALJ found that, considering Plaintiff's age, education, work experience, and RFC, the Plaintiff is capable of making a successful adjustment to other work that exists in significant numbers in the national economy, a finding of not disabled was made.  *Id*.

Plaintiff requested review by the Appeals Council and submitted a one page letter from Dr. Arnold and a brief.  Tr. 291, 185-187.  On September 10, 2012, the Appeals Council denied Plaintiff's request for review, Tr. 1-5, making the ALJ's decision the Commissioner's final decision that is subject to judicial review.  42 U.S.C. §§ 405(g), 1383(c)(3);  20 C.F.R. §§ 416.1481, 422.210.

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him supplemental security income under Title XVI of the Social Security Act.  Plaintiff "believes he is much more limited from a psychological standpoint than was determined by the ALJ."  ECF No. 15 at 6.  More specifically, he "believes that the ALJ did not properly consider nor reject the opinions of treating and

examining sources regarding his mental impairments." *Id*. at 6-7.

## DISCUSSION

There are three types of physicians: "(1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant [but who review the claimant's file] (nonexamining [or reviewing] physicians)." *Holohan v. Massanari*, 246 F.3d 1195, 1201 -1202 (9th Cir. 2001) (citations omitted) (brackets in original). Generally, a treating physician's opinion carries more weight than an examining physician's, and an examining physician's opinion carries more weight than a reviewing physician's. *Id*. In addition, the regulations give more weight to opinions that are explained than to those that are not, and to the opinions of specialists concerning matters relating to their specialty over that of nonspecialists. *Id*. (citations omitted).

A treating physician's opinions are entitled to substantial weight in social security proceedings. *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009). If a treating or examining physician's opinion is uncontradicted, an ALJ may reject it only by offering "clear and convincing reasons that are supported by substantial evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). "However, the ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory and inadequately

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 8

supported by clinical findings." *Bray*, 554 F.3d at 1228 (quotation and citation omitted).  "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence."  *Bayliss v. Barnhart*, 427 F.3d at 1216 (*citing Lester v. Chater*, 81 F.3d 821, 830-831 (9th Cir. 1995)).  An ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (citations omitted).

Although the treating physician's opinion is generally afforded the greatest weight, it is not binding on the ALJ regarding the existence of an impairment or determination of disability.  *Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).  Although the contrary opinion of a non-examining medical expert does not alone constitute a specific, legitimate reason for rejecting a treating or examining physician's opinion, it may constitute substantial evidence when it is consistent with other independent evidence in the record.  *Tonapetyan*, 242 F.3d at 1149 (citation omitted); *accord Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995).

### 1. Psychological Evaluation Signed by Ms. Robinson and Dr. Mabee

Amy Robinson, MS, assessment specialist, under the supervision of W. Scott Mabee, Ph.D., completed a psychological evaluation of Mr. Bishop on May 13, 2009.  Tr. 189-198.  Plaintiff claims this evaluation constitutes Dr. Mabee's

opinions:

> Dr. Mabee diagnosed Mr. Bishop with major depressive disorder, moderate; social anxiety; and avoidant personality features. It was Dr. Mabee's opinion that Mr. Bishop would be uncomfortable in social situations and that he would have significant difficulties interacting appropriately and meaningfully with others. Dr. Mabee further found that Mr. Bishop would have significant difficulties functioning in a typical work environment.

ECF No. 15 at 7 (citations to the record omitted). Plaintiff contends, based on Dr. Mabee's opinion, he would have significant difficulties interacting appropriately and meaningfully with others; that as tasks increased in demand, Mr. Bishop's pace of performance and persistence would decrease proportionately to the task; and that [he] would have significant difficulties functioning in a typical work environment. Id. at 10.

First, it is not at all clear to this Court that Ms. Robinson's report is the equivalent of an opinion by Dr. Mabee.[1] Dr. Mabee merely co-signed the report with the disclaimer that Ms. Robinson conducted the evaluation under his "clinical supervision" and that the "assessment meets appropriate professional standards." Tr. 195. Dr. Mabee did not adopt the report as his own assessment. Irrespective, the report clearly concludes that:

---

[1] Although Dr. Mabee is clearly an "acceptable medical source", Ms. Robinson likely only qualifies as an "other" source. *See* 20 C.F.R. § 416.913

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 10

> Cognitively, [Plaintiff] should be able to understand and follow simple as well as more complex verbal and written instructions. When given a task it is likely his pace of performance and persistence will be average. As the tasks increase in demand, these will decrease proportionately to the task.

Tr. 194.  The ALJ incorporated these limitations in his RFC finding recited above. *See Turner v. Comm'r of the Soc. Sec. Admin.*, 613 F.3d 1217, 1223 (9th Cir. 2010) (finding that an ALJ did not reject a doctor's conclusions when the ALJ incorporated the doctor's observations into the ALJ's residual functional capacity finding by including limitations that were consistent with the limitations identified by the doctor).

Next, Plaintiff contends Dr. Mabee opined that "[Plaintiff's] social GAF score of 50 suggests he would have significant difficulties interacting appropriately and meaningfully with others" and "His occupational GAF of 50 suggests he would have significant difficulties functioning in a typical work environment."  Tr. 194.  Plaintiff contends the ALJ did not provide specific and legitimate reasons to reject these opinions.

Contrary to Plaintiff's assertion, the ALJ did provide specific and legitimate reasons for rejecting these opinions.  First, the ALJ discounted Plaintiff's credibility.  Tr. 26.  As explained above, an ALJ may reject a treating physician's opinion if it is based "to a large extent" on a claimant's self-reports that have been properly discounted as incredible.  Plaintiff has not challenged this negative

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 11

credibility finding. Second, the ALJ specifically found:

> The undersigned notes that while GAF scores were consistent where provided by several different sources throughout the record, in the "serious" range, it is a subjective judgment that may reflect the claimant's self-reported symptoms…. Accordingly, a symptomatological basis for GAF scores may be undermined by an individual's lack of credibility, here established by the inconsistencies of record and the MMPI results.

Tr. 28-29 (citations to the record also omitted). Plaintiff's MMPI-2RF scaled scores, administered by Ms. Robinson, were elevated beyond interpretation, indicating over reporting psychological and somatic complaints. Tr. 27, 193.

The ALJ provided clear and convincing reasons for rejecting Ms. Robinson's opinion, even if that opinion was also Dr. Mabee's. Substantial evidence in the record supports the ALJ's findings.

### 2. Psychological Evaluation by John Arnold, Ph.D.

Plaintiff was seen by examining psychologist John Arnold, Ph.D., for psychological evaluation on June 10, 2011. Tr. 281-284. In June 2011, Dr. Arnold opined that Plaintiff had moderate, marked, and severe mental limitations. Tr. 285-287. The ALJ rejected Dr. Arnold's opinion of Plaintiff's mental limitations because:

> It is unclear why such restrictive limitations were assessed, especially in light of the questionably valid MMPI and the claimant's reported abilities and the mild to moderate findings on the anxiety inventory. In combination with the findings at the prior consultative examination, including the results of the same tests, the undersigned is unable to give such severe ratings weight. These ratings are not consistent with

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 12

the record as a whole and appear to be based primarily on the claimant's subjective complaints/self reports.

Tr. 28, 283, 284. It must be remembered that the ALJ found Plaintiff not credible and discounted his testimony. Tr. 26. Plaintiff has not challenged this negative credibility finding. The ALJ was therefore also justified in rejecting Dr. Arnold's opinions to the extent they were based on Plaintiff's self-reports. Moreover, Dr. Arnold described Plaintiff's MMPI-2RF profile as "questionably valid, at best" and excluded it from his assessment. Tr. 283.

Thus, the ALJ provided specific and legitimate reasons to reject Dr. Arnold's opinions. While Plaintiff disagrees with the ALJ's weighing of the evidence, substantial evidence supports the ALJ's conclusions.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment (ECF No. 15) is **DENIED**.

2. Defendant's Motion for Summary Judgment (ECF No. 19) is **GRANTED**.

The District Court Executive is hereby directed to file this Order, enter Judgment for Defendant, provide copies to counsel, and **CLOSE** this file.

**DATED** November 4, 2013.

THOMAS O. RICE
United States District Judge

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 13